MELLOY, Circuit Judge,
dissenting.
I respectfully dissent as to sections II and III of the majority opinion.
I believe that the attempt to distinguish the facts of this case from Fleming v. Wal-Mart, Inc., 268 Ark. 559, 595 S.W.2d 241 (App.1980) is unavailing. Just as the Wal-Mart store in Fleming should have assumed that the handling of the merchandise was foreseeable, I believe that it was entirely foreseeable that another customer may have taken the bins down from the high shelf to look at them, and replaced them in a negligent fashion. In my view, Fred’s Stores must bear the responsibility for placing the bins in such a precarious position. Given the fact that contributory negligence was not an issue in this case, it is my belief that based upon Fleming, a res ipsa loquitur instruction should have been given.
I also dissent from the majority opinion’s failure to reverse as to the giving of instruction # 14. The Arkansas Supreme Court has made it clear that the giving of such an instruction where there is no evidence of contributory negligence is error. England v. Costa, 364 Ark. 116, 216 S.W.3d 585, 590-91 (2005); see also Skinner v. R.J. Griffin & Co., 313 Ark. 430, 855 S.W.2d 913, 915 (1993). Like the Arkansas Supreme Court, I do not believe that we can dismiss the giving of the instruction as harmless under the circumstances of this case.